COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

WAMPLER-LONGACRE CHICKEN, INC.
AND
PACIFIC EMPLOYERS INSURANCE COMPANY

v.   Record No. 2271-94-3                    MEMORANDUM OPINION[*]
                                             PER CURIAM
SHIRLEY ANN BILLER                           MAY 9, 1995


                          FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Cathleen P. Welsh; Wharton, Aldhizer & Weaver, on
            brief), for appellants.

            (A. Thomas Lane, Jr., on brief), for appellee.


     The sole issue raised by Wampler-Longacre Chicken, Inc. and

its insurer (hereinafter collectively referred to as "employer")

is whether the Workers' Compensation Commission erred in finding

that Shirley Ann Biller's bilateral trigger thumbs qualifies as a

compensable occupational "disease" under Code § 65.2-400.  Upon

reviewing the record and the briefs of the parties we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     The facts are not in dispute.  Biller worked for employer in

the "rehang" section of its chicken processing plant.  Her duties

included grasping a chicken in each hand and putting it on

shackles that were located directly in front of her.  She handled

approximately twenty-five to thirty chickens per minute, during

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

her eight-hour shift, with two one-half hour breaks.

In November 1993, Biller began treatment with Dr. Galen G. Craun because her thumbs had locked in extension. On November 29, 1993, Dr. Craun diagnosed bilateral trigger thumbs, also called tenosynovitis. Dr. Craun opined that it was more probable than not that Biller's condition was directly related to her employment. Biller underwent release surgery in December 1993. In a February 7, 1994 letter to Biller's attorney, Dr. Craun opined that Biller's condition is a disease.

In his May 2, 1994 de bene esse deposition, Dr. Craun described the disease of bilateral trigger thumbs as follows:

> Trigger thumb is a condition that is inflammatory that involves the lining of the flexor tendons, in this case, of the thumb, although you can get this condition in any finger, and the lining of the tendon, called the synovin, gets inflamed, and when it does, the tendon sheath does not properly glide in the flexor pulley at the metacarpal flange level. In other words, there's a swelling of the tendon sheath. This causes malfunctioning or glide of the flexor tendon in the flexor pulley, and this initially starts with pain but eventually causes catching or triggering of the thumb.

The commission found that Biller's bilateral trigger thumbs constituted an occupational disease. In Merillat Industries, Inc. v. Parks, 246 Va. 429, 432, 436 S.E.2d 600, 601 (1993), the Supreme Court of Virginia held that the Workers' Compensation Act "requires that the condition for which compensation is sought as an occupational disease must first qualify as a disease." This Court defined "disease" as

2

> any deviation from or interruption of the normal structure or function of any part, organ, system (or combination thereof) of the body that is manifested by a characteristic set of symptoms and signs and whose etiology, pathology, and prognosis may be known or unknown.

Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993). "[T]he word 'disease' has a well-established meaning, and . . . no significant disparity exists among the definitions of that term promulgated by various authorities." Commonwealth, Dep't of State Police v. Haga, 18 Va. App. 162, 165, 442 S.E.2d 424, 426 (1994).

"Upon appellate review, the findings of fact made by the Workers' Compensation Commission will be upheld when supported by credible evidence." Id. at 166, 442 S.E.2d at 426. Sufficient credible evidence supports the commission's finding that Biller's condition was compensable as an occupational disease. Dr. Craun specifically stated that bilateral trigger thumbs was a "disease," and his diagnosis and description of this condition satisfies the definition of disease enunciated in Piedmont, 17 Va. App. at 503, 438 S.E.2d at 772.

Accordingly, the commission's decision is affirmed.

Affirmed.